**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SHAWN TRAPP,

           Plaintiff,

          v.

JOHN R. TASSINI, et al.,

           Defendants.

Civil Action No. 14-6885 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on several motions.  On December 9, 2014, pro se Plaintiff Shawn Trapp ("Plaintiff") moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 4.) On December 17, 2014, Defendants, the Division of Child Protection & Permanency ("DCP&P"), the Honorable Kathleen A. Sheedy, J.S.C., and the Honorable John R. Tassini, J.S.C. (collectively, "State Defendants") moved to dismiss Plaintiff's claims against them based on Eleventh Amendment sovereign immunity pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 5.) On January 23, 2015, Defendants David and Janee Prown ("Prown Defendants") moved to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted in regards to Plaintiff's § 1983 claims. (ECF No. 15.) The Court has carefully considered the parties' submissions and has decided the matter without oral argument pursuant to Local

Civil Rule 78.1.  For the reasons stated below, the Court grants both the State Defendants' and the Prown Defendants' motions to dismiss. Plaintiff's motion for summary judgment is denied.[1]

## I.   **Background**

The following background information addresses only those allegations and facts relevant to the motions under consideration. On September 25, 2012, a paternity test established that Plaintiff was the father of M.M.[2] (Compl. 4-5, ECF No. 1.) Plaintiff alleges that State Defendants denied him access to M.M. by way of judgments rendered in state court proceedings and by placing M.M. with Prown Defendants, M.M.'s maternal grandparents. (*Id.* at 4.) Plaintiff asserts that placing M.M. in the care of the DCP&P and Prown Defendants violated his constitutional rights. (*Id.* at 5-6.) Plaintiff also alleges that State Defendants failed to follow their own procedures with regard to M.M.'s child custody hearing. (*Id.* at 4.)[3]

Plaintiff filed three prior complaints in this district arising out of the state court proceedings at issue. (*See* Certification of Rebecca Carvalho ("Carvalho Cert."), Ex. A, ECF No. 15-3 ("*Trapp I*"); Carvalho Cert., Ex. B, ECF No. 15-4 ("*Trapp II*"); Carvalho Cert., Ex. C, ECF No. 15-5 ("*Trapp III*").) *Trapp I*, pursuant to in forma pauperis review, was dismissed for failing

---

[1] Plaintiff has submitted an Amended Complaint adding two defendants. After a defendant has filed a responsive pleading or motion, a plaintiff may only amend his pleadings as a matter of course within twenty-one days of the responsive pleading or motion. Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a plaintiff may only amend his pleadings by obtaining either the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). Plaintiff's Amended Complaint was filed on January 12, 2015, twenty-nine days after the filing of State Defendant's motion to dismiss. Both State Defendants and Prown Defendants have not consented to Plaintiff amending his Complaint. Therefore, Plaintiff may not amend his complaint as a matter of course and Plaintiff's Amended Complaint will not be considered by the Court.

[2] The Court will refer to Plaintiff's minor child as M.M. in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Local Civil Rule 5.2(17)(3).

[3] Plaintiff's Complaint contains several paragraphs of allegations followed by a number of pages describing the claim. This is inconsistent with Federal Rule of Civil Procedure 10(b). The Court will refer to Plaintiff's paragraphs as such. The remainder of the Complaint will be referred to by page.

to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. (Carvalho Cert., Ex. F, ECF No. 15-8.) *Trapp II*, pursuant to in forma pauperis review, was remanded to state court for lack of jurisdiction. (Carvalho Cert., Ex. G, ECF No. 15-9.)

On August 9, 2014, Plaintiff filed a complaint, *Trapp III*, against State Defendants and Prown Defendants. *See Trapp v. Tassini*, No. 14-5044, 2014 WL 4689393 (D.N.J. Sept. 19, 2014). The complaint filed in *Trapp III* is nearly identical to Plaintiff's current Complaint. (*Compare* Carvalho Cert., Ex. C *with* Compl.) *Trapp III*, pursuant to in forma pauperis review, was dismissed for failure to meet the pleading standards of Federal Rule of Civil Procedure 8. *Trapp*, 2014 WL 4689393, at *2. This Court held that "the Complaint fails to establish a factual foundation that would provide Defendants fair notice of the claims against them. Without factual allegations to demonstrate the basis for Plaintiff's requested relief, Plaintiff has not satisfied the pleading requirements of Rule 8." *Id.*

Plaintiff brings his claims under 42 U.S.C. § 1983, asserting Defendants violated his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights. (Compl. ¶ 2.) Plaintiff also asserts violations of 18 U.S.C. §§ 241, 242. (*Id.* ¶ 3.) Plaintiff requests money damages of $700,000,000. (*Id.* at 3.)

State Defendants move to dismiss based on Eleventh Amendment sovereign immunity. (State Defs.' Mot. to Dismiss 7, ECF No. 5-1.) State Defendants claim that the Eleventh Amendment provides absolute judicial immunity for Judges Tassini and Sheedy and quasi-judicial immunity to the DCP&P. (*Id.* at 1.) In addition, State Defendants argue that they are not parties amenable to suit under § 1983. (*Id.*) Last, State Defendants argue that if the Court finds that they are amenable to suit under § 1983, Plaintiff has failed to state a prima facie claim for relief. (*Id.*)

Prown Defendants move to dismiss arguing that Plaintiff fails to state a prima facie § 1983 claim. (Prown Defs.' Mot. to Dismiss 2, ECF No. 15-1.) In addition, Prown Defendants claim that they are not amenable to suit under § 1983 because they are private citizens. (*Id.*) Finally, Prown Defendants assert a lack of jurisdiction due to Plaintiff's failure to properly serve them. (*Id.*)

## II.   Legal Standards

### A.   Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may grant dismissal for lack of subject matter jurisdiction. The plaintiff has the burden of proving that jurisdiction exists. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When considering a motion to dismiss under Rule 12(b)(1), a court must distinguish between facial and factual challenges to its subject matter jurisdiction. *Id.* A facial challenge takes the facts in the pleadings as true, in the light most favorable to the plaintiff, and determines whether jurisdiction exists. *Id.* A factual challenge allows the court to consider evidence outside the pleadings. *Id.*

### B.   Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court must ignore legal conclusions or factually unsupported accusations that merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211.

Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts that only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 679).

## III.   Discussion

### A.   Plaintiff's Claims Under 18 U.S.C. §§ 241 and 242

Plaintiff alleges that defendants violated 18 U.S.C. § 241, which criminalizes conspiracies to deprive an individual of his civil rights, and 18 U.S.C. § 242, which criminalizes the deprivation of an individual's civil rights under color of law. These criminal statutes do not provide Plaintiff with a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002). Therefore, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 are dismissed with prejudice.

**B.      State Defendants' Rule 12(b)(1) Motion to Dismiss**

   **1.      Judges Tassini and Sheedy**

Plaintiff's Complaint alleges that Judges Tassini and Sheedy "systematically and corruptly" denied Plaintiff custody of his child. Judges Tassini and Sheedy are protected from suit by absolute judicial immunity; therefore, Plaintiff's § 1983 claims against them are dismissed with prejudice.

"[I]t is a general principle of the highest importance to the proper administration of justice" that a judge, in exercising his or her judicial powers, "shall be free to act upon his [or her] own convictions, without apprehension of personal consequence to himself [or herself]." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Moreover, it is an established principle of law that judges are generally "immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). Judicial immunity encompasses a broad scope of actions by judges. Judicial immunity "is not overcome by allegations of bad faith or malice . . . ." *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Nor is a judge deprived of immunity "because the action he took was in error . . . or was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Absolute immunity extends to liability for "judicial acts even if [the judge's] exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359. Allegations that actions "were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity." *Montana v. Connor*, 817 F. Supp. 2d 400, 446 (D.N.J. 2011) (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988)). Judicial immunity extends to suits brought under § 1983. *See Pierson*, 386 U.S. at 553-55. In addition, the Supreme Court has recognized that judges are immune from suit under § 1983 for money damages arising from their judicial acts. *Stump*, 435 U.S. 356-57.

Judicial immunity is negated in only two sets of circumstances. First, a judge is not immune from liability for non-judicial acts, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 205 U.S. at 11-12. In determining whether an act qualifies as a judicial act, courts look to "the nature of the act itself, i.e., whether it is a function normally performed by the judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The Court's task is to "'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." *Gallas v. Sup. Ct. Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) (quoting *Forrester*, 484 U.S. at 227). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. This is distinguished from actions by judges taken merely in the excess of jurisdiction that are protected by absolute immunity. *Gallas*, 211 F.3d at 768-69 (explaining that when jurisdiction over subject matter is invested by law in the judge, the manner and extent of the judge's exercise of jurisdiction are questions for the judge's determination).

Plaintiff accuses Judges Tassini and Sheedy of violating certain constitutional protections "under the color of law in his and her capacity as a judge in the Superior Court of Monmouth County." (Compl. ¶ 2.) This is exactly the type of claim judicial immunity is designed to protect against. First, Plaintiff alleges that Judges Tassini and Sheedy did not follow state court directives in presiding over family court proceedings that Plaintiff was involved in. (*Id.* at 5.) Even taken in the light most favorable to Plaintiff, if Judges Tassini and Sheedy did not comply with state court directives, Plaintiff would still have dealt with both judges in their judicial capacity. Moreover, the Complaint fails to allege that Judges Tassini and Sheedy performed any non-judicial acts while presiding over the state court matter.

Plaintiff claims that Judges Tassini and Sheedy acted in the absence of jurisdiction and could not have legally ruled on his state court matter. (*Id.* at 5.) In his Complaint, Plaintiff cites state court directives governing family law proceedings. It is unclear which stipulations within the directives Plaintiff is claiming removes jurisdiction from the state court. Having analyzed the directives, the Court can see no reason why either judge should not have had jurisdiction over a state court child custody hearing. Therefore, Plaintiff has not successfully alleged either of the two circumstances that could possibly negate judicial immunity. For these reasons, Plaintiff's claims against Judges Tassini and Sheedy are dismissed with prejudice.

### 2.     DCP&P

States are shielded from suit in federal courts by the Eleventh Amendment, which has been interpreted to "bar[] all private suits against non-consenting States in federal court." *Lombardo v. Pennsylvania*, 540 F.3d 190, 194 (3d Cir. 2008). "[T]here are only three narrowly circumscribed exceptions to Eleventh Amendment immunity: (1) abrogation by an Act of Congress; (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State-Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003). Moreover, § 1983 does not abrogate states' immunity. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). The Supreme Court has made clear that the Constitution does not provide for federal jurisdiction over suits against non-consenting states. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Therefore, absent waiver, neither a state nor its agencies under its control may be subjected to lawsuits in federal court. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Sovereign immunity applies even if the state is not a named party to the action, "as long as the state is the real party in interest." *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d

8

655, 659 (3d Cir. 1989); *see also Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Sovereign immunity is appropriate if the named defendant is an "arm of the state." *Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001). Courts utilize a three-factor test to determine whether a defendant is an arm of the state entitled to sovereign immunity: (1) whether payment of a judgment resulting from the suit would come from the state treasury; (2) the status of the entity under state law; and (3) the entity's degree of autonomy. *Fitchik*, 873 F.2d at 659. In applying this three-factor test, the Third Circuit noted that the factors are not weighted equally. It is the first inquiry—whether any judgment would be paid from the state treasury— that is the most important question and generally proves dispositive. *Id.*

It is well-established that DCP&P is a state agency protected by the Eleventh Amendment. *See, e.g., Howard v. N.J. Div. of Youth & Family Servs.*, 398 F. App'x 807, 811-12 (3d Cir. 2010). Applying the test contained within *Fitchik*, any potential payment of a judgment resulting from this suit would come from the state treasury. Thus, the State of New Jersey is the real party in interest, and Eleventh Amendment immunity applies. Moreover, Plaintiff states that his complaint "arises out of . . . New Jersey's failure to supervise, regulate, and instruct their judges and DCP&P workers on the laws and rights of parents." (Compl. 4.) This statement shows that Plaintiff considers the State to be the real party in interest. For these reasons, Plaintiff's claims against DCP&P are dismissed with prejudice.

### 3.    Prown Defendants' Rule 12(b)(6) Motion to Dismiss

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (1996). Thus, to state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *See also Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).

In analyzing § 1983 claims, the color of state law element is a threshold issue. There can be no liability under § 1983 for those not acting under color of law. *Groman*, 47 F.3d at 638. The color of state law element requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State, (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by it or by a person for whom the State is responsible," and (2) the defendant "must be a person who may fairly be said to be a state actor." *Id.* A party is a state actor when the person is a state official, "acted together with or has obtained significant aid from state officials," or performed "conduct otherwise chargeable to the State." *Id.*

Purely private conduct, however wrongful, is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). To distinguish between state and private action, courts look at the "nexus between the State and the challenged action" to determine whether the defendant's conduct "may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 340 (3d Cir. 2005). Importantly, the analysis turns on "the specific conduct of which the plaintiff complains" and whether or not that specific action can be considered state action. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 51 (internal quotation marks omitted).

Here, Plaintiff's Complaint lacks any allegations toward the Prown Defendants in regards to specific actions which violated his constitutional rights. Furthermore, the Complaint contains no allegations that the Prown Defendants acted under color of state law. The only actions by the Prown Defendants arguably relevant to Plaintiff's claims that can be ascertained from the Complaint are that the Prown Defendants were in custody of Plaintiff's child at one point in time and that they followed court orders concerning the child's custody throughout trial proceedings. (Compl. 4-5.) This Court finds extending the ruling in *Leshko* to the Prown Defendants to be appropriate as Plaintiff has only alleged that the Prown Defendants had custody of his child. Plaintiff's Complaint fails to allege the Prown Defendants acted under the color of state law, and therefore, Plaintiff asserts no cognizable § 1983 claim and his claims against Prown Defendants are dismissed with prejudice.

### C.    Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment. Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court has already dismissed with prejudice all claims asserted against State Defendants and Prown Defendants. Therefore, the Court denies Plaintiff's motion.

## V.      <u>Conclusion</u>

For the reasons set forth above, the Court grants State Defendants' and Prown Defendants' motions to dismiss. The Court denies Plaintiff's motion for summary judgment.

 

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 15, 2015

12