UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAWN TRAPP,

    Plaintiff,

v.

JOHN R. TASSINI, et al.,

    Defendants.

Civil Action No. 14-6885 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Shawn Trapp's ("Plaintiff") Motion for Reconsideration, pursuant to Local Civil Rule 7.1(i), of the Court's July 15, 2015 Order (ECF No. 20), which granted Defendants the Division of Child Protection & Permanency, the Honorable Kathleen A. Sheedy, J.S.C., and the Honorable John R. Tassini, J.S.C. ("State Defendants"); and Defendants David and Janee Prown's ("Prown Defendants") motions to dismiss (ECF Nos. 5, 15) and denied Plaintiff's motion for summary judgment (ECF No. 4). (ECF No. 21.) State and Prown Defendants filed opposition briefs. (ECF Nos. 22, 23[1].) The Court, having considered the parties' submissions, decides the matter without oral argument pursuant to Local Civil Rule 78.1 and denies Plaintiff's Motion for Reconsideration.

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error

---

[1] Prown Defendants also "urge the Court to order Plaintiff to show cause why he should not be sanctioned if he continues to pursue these frivolous claims." (Prown Defs.' Opp'n Br. 2, ECF No. 23.)

of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. As discussed below, here Plaintiff has not demonstrated that the extraordinary remedy of reconsideration is warranted.

In its July 15, 2015 decision, the Court found that Plaintiff's claims against State Defendants are barred by Eleventh Amendment sovereign immunity and absolute judicial immunity. (July 15, 2015 Op. 6-9.) In his Motion for Reconsideration, Plaintiff argues that sovereign immunity does not apply because State Defendants "were lawbreakers and did not have jurisdiction to render any judgment." (Pl.'s Moving Br. 1-2.) Plaintiff already made this argument in his opposition to State Defendants' Motion to Dismiss. (Pl.'s Opp'n to State Defs.' Mot. to Dismiss 2, ECF No. 7.) Thus, the Court denies Plaintiff's request to reconsider this argument. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 ("It is improper on a motion for reconsideration to ask the court to rethink what it has already thought through-rightly or wrongly.") (citation omitted).

In its July 15, 2015 decision, the Court also found that Plaintiff failed to assert a cognizable § 1983 claim against Prown Defendants. (July 15, 2015 Op. 9-11.) In support of his Motion for Reconsideration, Plaintiff fails to offer any basis for reconsidering this decision. Plaintiff merely asserts that "[t]here is legal sufficiency [sic] to show Plaintiff is entitled to relief under his Complaint." (Pl.'s Moving Br. 3.) This conclusory assertion does not warrant reconsideration. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (describing permissible grounds for granting a motion for reconsideration).

Accordingly, **IT IS**, on this 5<u>th</u> day of February 2016, ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case.

<u>s/Michael A. Shipp</u>
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**